IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| MICHAEL R. COTTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-04277-CV-C-NKL |
| | ) | |
| MILLER COUNTY AMBULANCE | ) | |
| DISTRICT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

COME NOW Defendants, by and through the undersigned counsel, and in response to Plaintiff's Complaint against Defendants Miller County Ambulance District (MCAD) and Thomas Spriggs, state as follows:

## THE PARTIES

1. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations regarding Plaintiff's residence and therefore deny same. Defendants deny all other allegations in Paragraph 1.

2. Defendants deny the allegations in Paragraph 2.

3. Defendants admit the allegations in Paragraph 3.

4. Defendants admit the allegations in Paragraph 4.

5. Defendants admit that Spriggs is an employer within the meaning of the MHRA. Defendants deny all remaining allegations in Paragraph 5.

6. Defendants deny the allegations in Paragraph 6.

## JURISDICTION AND VENUE

7. Defendants admit that this action purports to bring claims pursuant to the enumerated statutes. Except as so admitted, Defendants deny the allegations in Paragraph 7.

8. Defendants admit that this suit purports to bring claims under the Missouri Human Rights Act. However, except as so admitted, Defendants deny the allegations in first sentence of Paragraph 8. Defendants admit that this Court has jurisdiction over the alleged claims. Defendants deny all other allegations in Paragraph 8 not expressly admitted herein.

9. Defendants admit the allegations in Paragraph 9.

10. Defendants admit that venue is proper in this Court, but deny all other allegations in Paragraph 10.

11. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 11, and therefore deny same.

12. Defendants deny the allegations in Paragraph 12.

13. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 13, and therefore deny same.

14. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 14, and therefore deny same.

15. Defendants admit that Exhibit B purports to be a Right to Sue letter issued to Plaintiff on the enumerated date. Except as so admitted, Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 15, and therefore deny same. Defendants further deny that Plaintiff filed this action within 90 days of the date of the MCHR letter.

16. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 16, and therefore deny same.

17. Defendants admit that Exhibit A purports to be a Right to Sue letter issued by the EEOC on the enumerated date. Except as so admitted, Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 17, and therefore deny same.

18. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 18, and therefore deny same.

19. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 19, and therefore deny same.

## **GENERAL ALLEGATIONS**

20. According to Defendants' records, Plaintiff was initially hired as an EMT at MCAD on a part-time basis in February 2004. Defendants admit that Plaintiff became a full-time employee in May 2004 and admit all other allegations in Paragraph 20.

21. Defendants deny the allegations in Paragraph 21.

22. Defendants admit the allegations in Paragraph 22.

23. Defendants deny the allegations in Paragraph 23.

24. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 24, and therefore deny same.

25. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 25, and therefore deny same.

26. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 26, and therefore deny same.

27. Defendants deny the allegations in Paragraph 27.

28. Defendants deny the allegations in Paragraph 28.

29. Defendants deny the allegations in Paragraph 29.

30. Defendants deny the allegations in Paragraph 30.

31. Defendants deny the allegations in Paragraph 31.

32. Defendants deny the allegations in Paragraph 32.

33. Defendants deny the allegations in Paragraph 33.

34. Defendants deny the allegations in Paragraph 34.

## COUNT I – RETALIATORY DISCHARGE
## IN VIOLATION OF MHRA

35. Defendants restate their responses to Paragraphs 1 through 34 as though fully set forth herein.

36. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 36, and therefore deny same.

37. Defendants admit the allegations in Paragraph 37.

38. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 38, and therefore deny same.

39. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 39, and therefore deny same.

40. Defendants deny the allegations in Paragraph 40.

41. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 41, and therefore deny same.

42. Defendants deny the allegations in Paragraph 42.

43. Defendants deny the allegations in Paragraph 43.

44. Defendants deny the allegations in Paragraph 44.

45. Defendants deny the allegations in Paragraph 45.

46. Defendants deny the allegations in Paragraph 46.

47. Defendants deny the allegations in Paragraph 47.

48. Defendants deny the allegations in Paragraph 48.

49. Defendants deny the allegations in Paragraph 49.

50. Defendants deny the allegations in Paragraph 50.

51. Defendants admit that Paragraph 51 purports to seek prejudgment interest on any damages found by the jury to be due and owing Plaintiff; but except as so admitted, Defendants

deny the allegations in Paragraph 51. Defendants further deny that Plaintiff is entitled to any of the relief prayed for the WHEREFORE clause following Paragraph 51.

## COUNT II – RETALIATORY DISCHARGE IN VIOLATION OF TITLE VII

52. Defendants restate their responses to Paragraphs 1 through 51 as though fully set forth herein.

53. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 53, and therefore deny same.

54. Defendants admit the allegations in the first sentence of Paragraph 54. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 54, and therefore deny same.

55. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 55, and therefore deny same.

56. Defendants deny the allegations in Paragraph 56.

57. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 57, and therefore deny same.

58. Defendants deny the allegations in Paragraph 58.

59. Defendants deny the allegations in Paragraph 59.

60. Defendants deny the allegations in Paragraph 60.

61. Defendants deny the allegations in Paragraph 61.

62. Defendants deny the allegations in Paragraph 62.

63. Defendants deny the allegations in Paragraph 63.

64. Defendants deny the allegations in Paragraph 64.

65. Defendants deny the allegations in Paragraph 65.

66. Defendants deny the allegations in Paragraph 66.

67. Defendants admit that the allegations in Paragraph 67 purport to seek prejudgment interest on any damages found by the jury to be due and owing Plaintiff; however, except as so admitted, Defendants deny the allegations in Paragraph 67. Defendants further deny that Plaintiff is due any of the relief prayed for in the WHEREFORE clause following Paragraph 67.

## COUNT III – AGGRAVATING CIRCUMSTANCES – DAMAGES FOR ALL CLAIMS

68. Defendants restate their responses to Paragraphs 1 through 67 as though fully set forth herein.

69. Defendants deny the allegations in Paragraph 69.

70. Defendants deny the allegations in Paragraph 70.

71. Defendants deny the allegations in Paragraph 71.

72. Defendants deny the allegations in Paragraph 72.

73. Defendants deny the allegations in Paragraph 73. Defendants further deny that Plaintiff is due any of the relief prayed for in the WHEREFORE clause following Paragraph 67.

## GENERAL DENIAL

Defendants deny all allegations not expressly admitted herein.

## AFFIRMATIVE DEFENSES

For their Affirmative Defenses, Defendants state as follows:

1. Plaintiff's complaint fails to state one or more claims for which relief can be granted.

2. The employment decisions that are the subject of Plaintiff's complaint were made in good faith for legitimate common nondiscriminatory and nonretaliatory reasons; as such, Plaintiff is not entitled to any damages.

3. Plaintiff is barred from seeking relief under Title VII for any acts or claims which occurred more than 300 days prior to the date he filed his Charge of Discrimination.

4. Plaintiff is barred from seeking relief under the MHRA for any acts or claims which occurred more than 180 days prior to the date he filed his Charge of Discrimination.

5. Plaintiff is barred from seeking relief for any acts or claims which exceed the scope of his Charge of Discrimination.

6. Defendants exercised reasonable care to prevent and promptly correct any alleged discriminatory, harassing or retaliatory behavior and/or Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants.

7. Plaintiff's complaint fails to state a claim warranting the imposition of punitive damages based upon applicable legal standards.

8. Defendants do not have any liability for damages arising out of Plaintiff's failure to mitigate his damages, to the extent any such damages exist.

9. To the extent that Plaintiff failed to timely pursue and exhaust any administrative remedies, his claims are barred and may not be pursued.

10. Plaintiff's claims are barred by waiver and estoppel.

11. This action is frivolous, unreasonable and groundless, and accordingly, Defendants are entitled to their attorneys' fees and other costs associated with the defense of this action.

12. Defendants reserve the right to assert further Affirmative Defenses as they become apparent through discovery or investigation.

WHEREFORE, Defendants, having fully answered the allegations in Plaintiff's Complaint and set forth their Affirmative Defenses thereto, pray that Plaintiff's Complaint be dismissed and Judgment entered in their favor on all counts, for their costs and attorneys' fees incurred herein, and for such other relief as the Court deems just and proper.

Respectfully submitted,

SCHREIMANN, RACKERS,
FRANCKA & BLUNT, L.L.C.


/s/ Jane C. Drummond
Chris Rackers, #41894
Jane C. Drummond, #50999
2316 St. Mary's Blvd.
Suite 130
Jefferson City, MO 65109
573-634-7580
573-635-6034 (facsimile)
cpr@srfblaw.com
jcd@srfblaw.com

Attorneys for Defendants


## CERTIFICATE OF SERVICE

    I hereby certify that on March 20, 2011, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following: Blake P. Green, Burgess & Lamb, PC, 1000 Broadway, Suite 400, Kansas City, MO 64105 and Jennifer B. Childress and Luke A. Kopmeyer, Law Offices of Childress & Kopmeyer, One Ward Parkway, Suite 337, Kansas City, MO 64112, attorneys for the Plaintiff.


/s/ Jane C. Drummond